Donald J. Schweisthal, Plaintiff-Appellee, v. Standard Mutual Insurance Co., a Corporation, Defendant-Appellee, and State Farm Mutual Automobile Insurance Company, a Corporation, Defendant-Appellant.

Gen. No. 11,887.

Second District.

May 21, 1964.

Gerrity & Jenkins, of Sycamore (Robert C. Jenkins, of counsel), for appellant.

O'Brien, Burnell, Puckett & Barnett, of Aurora (J. H. Barnett, of counsel), for plaintiff-appellee, Donald J. Schweisthal. Van Duzer, Gershon & Jordan, of Chicago (Horace W. Jordan, of counsel), for defendant-appellee, Standard Mut. Ins. Co.

ABRAHAMSON, P. J.

The plaintiff, Donald J. Schweisthal, was involved in an accident as a result of which he incurred medical expenses in the sum of $1,281.20. A judgment was entered by the trial court against the defendant, State Farm Mutual Automobile Insurance Company, in the sum of $1,000, the limit of the coverage, plus $500 as and for attorney's fees and costs, and against the defendant, Standard Mutual Insurance Co. in the amount of $280.20. State Farm has taken this appeal.

Plaintiff was operating an automobile owned by one Keith Dobbins in which Mrs. Dobbins was a passenger. Standard Mutual had issued a policy to Dobbins which provided coverage for medical payments in-

curred as a result of an accident while using or occupying the insured automobile. State Farm had issued a policy to the plaintiff providing coverage for medical expenses incurred on the plaintiff's automobile, not involved in the occurrence, which was in force and effect at the time of the accident in question, September 30th, 1962, and which provided for medical coverage on a nonowned automobile. Plaintiff's medical expenses as a result of the accident, including hospital and doctor bills, were $1,281.20.

The pertinent provisions of the policies in question are as follows:

State Farm, the plaintiff's automobile carrier:

> "Coverage C—Medical payments. To pay reasonable medical expenses incurred within one year from the date of accident.

> "Coverage M—Major medical payments. To pay 100% of the first $1,000 and 80% over that amount of the total medical expenses payable.

> "Under coverages C and M with respect to bodily injury to any person while occupying or through being struck by the described automobile, the amount payable shall not be reduced on account of the existence of other automobile medical payments insurance. In all other cases the insurance under coverages C and M shall be excess over any other collectible automobile medical payments insurance available to the injured person.

> "(b) The insurance with respect to a temporary substitute automobile, a trailer and a non-owned automobile shall be excess over other collectible insurance."

The Standard Mutual policy, which covered the Dobbins car, provided as follows:

228

"Other insurance. If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance, provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.

"Part II. Medical payments. To pay all reasonable expenses incurred within one year from the date of the accident for necessary medical, surgical, pharmaceuticals, eye glasses, X ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral expenses."

■ ■ The trial court did not take into consideration the major medical coverage of State Farm, namely 80% over the $1,000 limit. Standard Mutual seeks no relief on this issue. The court concluded that the plaintiff was put to unnecessary expenses in seeking to determine which of the two carriers should be responsible for the coverage and pointed out that the plaintiff had paid a premium for the coverage to State Farm, his carrier, for emergency medical expenses, and that State Farm had the responsibility of providing for this reimbursement. The trial court stated that the issue of contribution by Standard Mutual should be determined under the theory of subrogation in an action to be brought by State Farm. This approach fails to take cognizance of the provision of the policies and ignores the contract between the

229

plaintiff and State Farm. The principles covering the interpretation and construction of insurance contracts are no different from those controlling in other contracts. Zitnik v. Burik, 395 Ill 182, at page 187, 69 NE2d 888. The courts cannot make a new contract by supplying provisions nor can they give plain and unambiguous terms a distorted construction that will defeat the clear intent and purpose of the contract. Crosse v. Supreme Lodge Knights & Ladies of Honor, 254 Ill 80, 98 NE 261.

■ The briefs and arguments of the defendants are confined to the interpretation of the policy provisions. There appear to be no Illinois authorities dealing with the issue with respect to medical payments. We conclude, however, that there is no sound reason, nor is any urged, why a different construction or application of law should be made to medical payment provisions of an automobile insurance policy than to the liability features of the same policies. They must be construed according to the sense and meaning of the terms which the parties have used and if the language is clear and unambiguous it must be taken and understood according to its plain, ordinary and popular sense. Moscov v. Mutual Life Ins. Co., 387 Ill 378, 56 NE2d 399.

■ Standard Mutual offered to pay under the prorative provisions of its policy two-thirds of the amount claimed by the plaintiff, if State Farm would contribute one-third, predicated upon the interpretation of the word "collectible" in the phrase contained in State Farm's policy, which reads as follows: "shall be excess over any other collectible automobile medical payments insurance available to the injured person," claiming that two-thirds of the loss claimed was available under the Standard Mutual policy provisions and that the remaining one-third of the loss is excess and is covered as such by State Farm's policy. It is

interesting to note that the last sentence of Standard's policy uses the word "collectible" relative to a temporary substitute automobile or a nonowned automobile. We hold that Standard Mutual is the primary carrier in that the vehicle involved belongs to their insured and State Farm is an excess carrier of a nonowned automobile. We conclude that Standard Mutual had the primary obligation to exhaust the limitations of the policy before State Farm was called upon to provide the excess. We interpret the word "collectible" in the State Farm policy to mean the exhaustion of the primary coverage.

The judgment of $1,000 plus $500 to pay attorneys' fees and costs for vexatious refusal to pay voluntarily against State Farm, pursuant to chapter 73, section 767, Illinois Revised Statutes, in view of our construction of the provisions of the policies, must be reversed and remanded to the trial court for further consideration, in keeping with the views expressed herein.

The judgment of the Circuit Court of Kane County is reversed and the cause remanded.

Reversed and remanded.

CARROLL and MORAN, JJ., concur.