OLGA B. WYMAN, Appellant, *v.* ALLSTATE INSURANCE COMPANY, Respondent.

Second Department, March 4, 1968.

*Schwartz, Kobb, Freilich & Scheinert* (*Joel L. Scheinert* of counsel), for appellant.

*Alfred Schleider* (*Edgar T. Schleider* of counsel), for respondent.

HOPKINS, J. In April, 1963 plaintiff Wyman and defendant Allstate entered into a contract of insurance which, in part, provided for the payment by Allstate of medical expenses incurred by " an insured " who would sustain bodily injury in an automobile accident. In March, 1964 plaintiff's infant children, Joyce and Paul, insured under the Wyman-Allstate contract, were injured while passengers in a car owned and operated by one Kelly, an insured of Ætna Casualty and Surety Company. As in the case of the Wyman-Allstate policy, the Kelly-Ætna policy provided for Ætna's payment of the medical indebtedness incurred by an insured in consequence of an automobile accident. Because the plaintiff's children were insured under the Kelly-

Ætna policy, Ætna paid the plaintiff the children's medical expenses, $734.73 for Joyce and $520.94 for Paul.

Thereafter, the plaintiff demanded from Allstate payment to her of the sum of the medical expenses paid by Ætna. Allstate rejected her demand on the ground that she had been paid by Ætna and, under the terms of its policy, Allstate in such a case was an excess carrier. These are the undisputed facts raised by the plaintiff's motion for summary judgment. Upon them and its construction of the related provisions of the Allstate policy, Special Term granted Allstate summary judgment.

The Wyman-Allstate policy in part provided:

"SECTION III-MEDICAL EXPENSE, DEATH INDEMNITY AND DISABILITY INCOME PROTECTION

" PART I.

" Coverage C1 — Automobile Medical Payments Insurance

" Allstate will pay all reasonable expenses, incurred within one year from the date of accident, for necessary medical, dental, surgical, X ray, ambulance, hospital, professional nursing and funeral services, pharmaceuticals, eyeglasses and prosthetic devices to or for an insured who sustains bodily injury caused by accident.

" The following persons are insured under this Part

" 1. The named insured and any relative who sustains bodily injury while occupying or through being struck by an automobile; and

" 2. Any other person who sustains bodily injury while occupying:

" (a) the owned automobile, while being used by the named insured, any resident of the same household or any other person with the permission of the named insured; or

" (b) a non-owned automobile if the injury results from:

" (1) its operation or occupancy by the named insured, or

" (2) its operation by a private chauffeur or domestic servant on behalf of the named insured, or its operation or occupancy by a relative if such automobile is a private passenger automobile or trailer not regularly furnished for the use of such relative. * * *

" If there is other insurance

" The insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other collectible automobile medical payments insurance

and, with respect to a replacement automobile or an additional automobile, shall not apply against a loss with respect to which the insured has other collectible automobile medical payments insurance." These terms, among others, were defined by the Allstate policy (in Section I thereof):

" 2. Automobiles Covered

" (a) ' owned automobile ' means the vehicle described on the Supplement Page, and, as defined herein, any replacement automobile, any additional automobile, any temporary substitute automobile, and any trailer owned by the named insured;

" (b) ' replacement automobile ' means any other private passenger or utility automobile of which the named insured acquires ownership, provided it replaces the owned automobile;

" (c) ' additional automobile ' means an additional private passenger or utility automobile of which the named insured acquires ownership, provided notice of its delivery be given to Allstate within the policy term then current, or if delivery is within 30 days before the end of such term, then within 30 days after delivery;

" (d) ' temporary substitute automobile ' means any automobile, including a trailer, while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

" (e) ' non-owned automobile ' means an automobile, including a trailer, not owned by the named insured or any relative, other than a temporary substitute automobile ".

The plaintiff justifies her demand upon Allstate by pointing to that paragraph of the policy which, describing the insured, provides for Allstate's payment of the medical expenses of " any relative [of the plaintiff] who sustains bodily injury while occupying * * * an automobile." She reasons that the unqualified term " an automobile " includes the Kelly automobile and, hence, notwithstanding Ætna's payments to her under the Kelly-Ætna policy, Allstate is liable to her under its contract.

Allstate counters that its liability for her children's medical expenses is limited to that of an excess carrier by the language of the paragraph captioned " If there is other insurance ", specifically the provision that: " The insurance with respect to a temporary substitute automobile or *non-owned automobile* shall be excess insurance over any other collectible automobile medical payments insurance " (emphasis added). Allstate argues that because the Kelly automobile was not owned by the plaintiff or any relative of the plaintiff, and because other automobile

medical payments insurance was collected by the plaintiff in full satisfaction of her children's medical expenses, there was no liability on the part of Allstate as a primary carrier and no triggering of its potential liability to the plaintiff as an excess insurer.

The plaintiff answers that the language upon which Allstate relies in order to limit its role to that of an excess insurer is ambiguous and, therefore, must be construed against Allstate. First, she argues, the paragraph captioned " If there is other insurance " may be read to refer not to the named insured or a relative of the named insured but only to those persons who, under the paragraph describing the policy's insured, fall under the rubric " any other person ". Second, the words " other insurance " in the phrase " If there is other insurance " may be read, she claims, to mean only insurance obtained by Allstate's insured.

The general object of Allstate's " Automobile Medical Payments Insurance " was to assure the plaintiff, her relatives, and persons injured either by her car or a nonowned car driven by her, her employee or her relative, that medical *expenses* caused by an automobile accident would be paid within the limits of the policy. The " other insurance " paragraph must be read with that general object in mind for, if the insured's medical expenses were payable by another carrier, there would be no reason for Allstate to pay the insured for an expense that had already been, or was about to be, extinguished and, indeed, no reason for the insured to claim such payment under the guise of satisfying an " expense ". Put another way, if we were to find for the plaintiff, we might conclude that the parties intended that she or her relatives were, by the policy's operation, to receive moneys beyond the sum of their reasonable medical expenses, or that the policy should reasonably be so construed in the absence of evidence of such an intention, or that because of ambiguities we should so construe the policy against its draftsman. The plaintiff's exclusive analytical approach has been the last, the excision of ambiguities and an insistence upon a strict construction against Allstate without weighing the probable intention of the parties in entering into the agreement, an inverted route which may not be followed in applying the rule of strict construction against an insurer (see 1 Couch, Insurance [2d ed.], § 15:86). The rule requiring strict construction against an insurer is not one which compels a construction against an insurer merely because it is a possible construction and strict in effect. Thus, Couch writes of the rule (1 Couch, Insurance [2d ed.], § 15:73, p. 782): " A better statement is that if an

insurance contract is so drawn as to be equivocal, uncertain, or ambiguous, and to require interpretation because fairly susceptible of two or more different, but sensible and reasonable constructions, the one will be adopted which, *if consistent with the objects of the insurance,* is most favorable to the insured" (emphasis added). Keeping this rule in mind, I turn to the plaintiff's contention that the " other insurance " paragraph, upon which Allstate relies, is ambiguous in two ways.

Because the term " non-owned automobile " appears only in the " other insurance " paragraph and in subdivision 2 of the paragraph describing the policy's insured, the plaintiff argues that the " other insurance " paragraph is therefore restricted, in the case of nonowned automobiles, to the insured class described in subdivision 2 of the paragraph describing the policy's insured, that is, persons other than the named insured and relatives of the named insured. (See, *Feltenstein* v. *Travelers Ind. Co.,* 49 Misc 2d 876; *Johnson* v. *New Jersey Mfrs. Ind. Ins. Co.,* 69 N. J. Super. 184.) Thus she interpretively would render the " other insurance " provision in the following manner: " The insurance [of any person other than the named insured and relatives of the named insured] with respect to a * * * nonowned automobile shall be excess insurance over any other collectible automobile medical payments insurance ".

In our opinion, such a construction is inconsistent with the general object of Allstate's " Automobile Medical Payments Insurance ", for by means of it the named insured or a relative of the named insured could recover a sum in excess of that required for the satisfaction of expenses within the risk. On the other hand, Allstate's construction of the " other insurance " paragraph is consistent with the general object of its insurance. With respect to cars not owned by the named insured (temporary substitute and nonowned automobiles), Allstate provided only excess insurance if there were other similar insurance, undoubtedly because the insurers of such vehicles might be primary carriers with respect to them. With respect to cars owned by the named insured, but not the subjects of Allstate's policy (replacement and additional automobiles), Allstate provided no insurance if the insured had other collectible automobile medical payments insurance applicable to them. Thus, the general object of the policy was to be realized. The insured was to be compensated by Allstate for medical expenses in all cases involving automobile accident-related injuries, except in those cases in which another insurer was obligated to compensate her.

The plaintiff's construction, however, would lead to a result inconsistent with the object of the insurance, one that an average

reader of the policy would not expect of its terms. She would so read the policy that an insured would be able to have the same expense satisfied twice. Under a policy protecting against " expense " losses, she would be able to show a positive gain.

I conclude, therefore, that if the " other insurance " paragraph is ambiguous, the construction for which the plaintiff contends is unreasonable, because inconsistent with the general object of the insurance, and hence the rule of strict construction is inapplicable to the policy at bar.

Last, the plaintiff argues that the " other insurance " paragraph is ambiguous because where the term " other insurance " is used in a policy it may be read to refer to other insurance obtained by the insured (cf. *Suetterlein* v. *Northern Ins. Co. of N. Y.,* 251 N. Y. 72). Thus construed, the " other insurance " paragraph would exclude the Kelly vehicle from its limiting effect.

The term " other insurance ", in the special sense in which it is often used in insurance contracts, describes that condition " where two or more policies of insurance are effected upon or cover the same interest in the same, or part of the same, property, against the same risk, and either in the name or for the benefit of the same person." (9 Couch, Insurance [2d ed.], § 37:1292, p. 14.) So defined, " other insurance " clauses are used by insurers for the purpose of either effecting an escape from liability or limiting their liability to that of pro rata or excess insurers. Insurers recognize that over-insurance by the insured increases the risk against which the insurance has issued (9 Couch, Insurance [2d ed.], § 37:1291, pp. 12–13). However, the words " other insurance " in insurance contracts have not acquired the attribution for which the plaintiff contends, notwithstanding the context in which the words have been used. Given the probable intention of parties to a medical expense policy to satisfy an expense once, the probable fact that an insured would not have insurance directly covering an automobile not owned by the insured, and the improbable fact that over-insurance would tempt insureds to hazard their lives in order to recover medical expenses, I construe the provision of the " other insurance " clause, upon which Allstate relies, in the following manner: "The insurance [herein] with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other collectible automobile medical payments insurance [issued to the insured herein or to the owner of the temporary substitute automobile or non-owned automobile] ". Such a construction is consistent with the general object of satisfying medical expenses once and with the likelihood that the insured,

in the cases of temporary substitute and nonowned automobiles, would be indemnified by other carriers.

The order and the judgment should be affirmed, with one bill of $10 costs and disbursements.

BELDOCK, P. J., BRENNAN, RABIN and BENJAMIN, JJ., concur.

Order of the Supreme Court, Westchester County, dated October 28, 1965 and entered in Rockland County, and judgment entered in Rockland County upon the order affirmed, with one bill of $10 costs and disbursements.