476 P.2d 527

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation, Appellant,**

v.

**Mac CHIATE, Appellee.**

**No. I CA–CIV 1217.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 16, 1970.

Snell & Wilmer, by Warren E. Platt, Phoenix, for appellant.

Langerman, Begam & Lewis, by Kenneth P. Clancy, Phoenix, for appellee.

HAIRE, Judge.

The issue before us is whether the appellant automobile insurer could validly limit its "medical expense" coverage payable to the named insured with respect to injuries to him to that portion of such expense for which the named insured did not receive reimbursement under other forms of medical insurance. We hold that the insurer could so limit its risk.

The plaintiff-appellee, Mac Chiate, is the named insured under an "Economy

"Automobile Policy" issued by the appellant-insurer. On its first page, the policy provides the following coverage:

"COVERAGE B—MEDICAL EXPENSE: The company will pay, on behalf of the insured, all reasonable medical expense incurred within one year from the date of accident for bodily injury caused by accident and sustained by

(1) the named insured * * * while occupying * * * an automobile * * *.

On the next page of the policy, under the same "SECTION I" as the foregoing provision, and in the same size and style of print, under a sub-heading entitled "Exclusions", there is the following provision:

"This policy does not apply:

*    *    *    *    *    *

Under Coverage B—Medical Expense,

(1) to the extent that any medical expense is paid or payable to or on behalf of the injured person under the provisions of any * * * (ii) individual, blanket or group accident, disability or hospitalization insurance, (iii) medical or surgical reimbursement plan. * * *"

None of the material facts are in dispute. Appellee was injured in an automobile accident on August 16, 1966, and thereafter incurred as a result of the accident medical expenses in the amount of $1,445.65. Appellee was reimbursed for these medical expenses to the extent of $1,226.52 under the federally sponsored "medicare" medical insurance program and under a policy of medical insurance issued by a private carrier. There is no suggestion by appellee that these payments were not squarely within the terms of the exclusionary clause quoted above. Following these payments, the appellant paid to appellee the sum of $247.00 pursuant to coverage B of its policy

issued to appellee, relating to medical expenses. This payment brought the total medical expense reimbursement to appellee to $1,473.52, an amount in excess of appellee's total medical expenses. Appellee seeks by this action to recover from appellant the difference between his total medical expenses and the $247.00 paid to him by appellant. The trial judge granted appellee's motion for summary judgment in the prayed for amount of $1,198.65, and denied appellant's cross-motion for summary judgment.

"Medical expense" coverage is not required by statute. Caballero v. Farmers Insurance Group, 10 Ariz.App. 61, 64, 455 P.2d 1011, 1014 (1969). So long as statutorily mandated coverages are not in some way diminished, the owner of an automobile liability policy and his insurer may contract on the subject as they choose, even as it affects injured third persons. Caballero v. Farmers Insurance Group, *supra*. A *fortiori*, the contracting parties are wholly free to make such agreement as they choose with respect to medical expense coverage as it benefits the named insured. *See* New York Underwriters Insurance Co. v. Superior Court, 104 Ariz. 544, 456 P.2d 914 (1969). While the Caballero case, *supra*, is not precisely in point on the particular issue here involved, it speaks squarely to this case in its statement that:

"there is nothing to prevent the insurer and a person desiring to have medical expenses insurance from employing any provisions with respect to the payment or *nonpayment* of these benefits which they choose." (10 Ariz.App. at 64, 455 P.2d at 1014).[1]

Appellee seeks to sustain the judgment on one of two grounds. First, he cites the established fact that appellant charges the same premium for its "economy" policy (the kind issued to appellee) whether or

---

1. This quotation from Caballero was quoted with apparent approval by the Arizona Supreme Court in Bacchus v. Farmers Insurance Group Exchange, 106 Ariz. 280, 475 P.2d 264 (1970). In Bac-

chus, the Arizona Supreme Court held that medical payment advancements could not be off-set against the statutorily required uninsured motorist coverage.

not the named insured has "outside" medical expense coverage.[2] Appellee contends, on this basis, that the "excess" or exclusionary provision is discriminatory, illegal, and void, because policyholders who do not have outside coverage receive benefits from appellant greater than those who have such outside coverage. Second, appellee contends that the exclusionary or excess provision is so deceptive as to be contrary to public policy and void on that basis.

■ In regard to the first contention, we know of no principle of insurance law which would require an insurer to tailor each of its coverages and its entire premium structure to the particular needs (if such be known) of each individual policyholder. On the other hand, the fundamental concept of casualty and indemnity insurance is compensation for a loss. We think it entirely consonant with that concept for an insurer to include in its policy the kind of "other insurance" or "excess" provision now before us, which is designed to provide the insured a full, but *no more than full*, recovery of his expenses. Appellee, like other "economy" policyholders, paid for the right to be assured of one full recovery of medical expenses, from appellant if from no other source. Appellee got what he paid for. Nothing in any of the authorities cited by appellee comes close to indicating that the other insurance or excess clause in question discriminated against appellee within the meaning of the statutes and decisions relating to unfair discrimination. Harleysville Mutual Insurance Company v. Lea, 2 Ariz.App. 538, 410 P.2d 495 (1966), cited by appellee, does not involve discrimination at all, but rather involves a question as to the assignability of tort actions for personal injuries. Western Union Life Insurance Company v. Musgrave, 25 Ariz. 219, 215 P. 536 (1923), also cited by appellee, concerned a situation where the broker allegedly promised that the insurer would make a loan to the insured if he would

purchase a particular life insurance policy. The court refused to enforce the alleged promise, holding that it was a promise to the assured of a special favor and advantage not specified in the policy, and thus illegal and discriminatory. There is no evidence of special favors or advantages not specified in the policy being offered by the appellant here involved. Nor is there any evidence that any other individual in appellee's class and with essentially the same hazard has been charged a lesser premium than appellee. *See* Reeves v. New York Life Insurance Company, 421 S.W.2d 686 (Tex.Civ.App.1967) involving a claim of discrimination relating to a medical benefit clause under a Texas statute substantially similar to A.R.S. § 20–448, subsec. C. Even if we were to assume the existence of unfair rate discrimination, appellee has not set forth any reasoning or cited any cases which would support a holding that such unfair discrimination would in some way entitle appellee to insurance coverage neither provided for in the policy nor paid for by appellee.

No cases have been cited by appellee in which a court has held invalid the "other insurance" clause against an insurer in the position of appellant on similar facts and under similar provisions. In accord with appellant's position, *see* Wyman v. Allstate Insurance Co., 29 A.D.2d 319, 288 N.Y.S.2d 250 (1968); Fidelity & Casualty Co. of N. Y. v. Phoenix Assurance Co. of N. Y., 49 Cal.Rptr. 238 (Dist.Ct. of App.1966); Callaway v. Nationwide Mutual Insurance Co., Del., 248 A.2d 617 (1968); and Schweisthal v. Standard Mutual Insurance Co., 48 Ill. App.2d 226, 198 N.E.2d 860 (1964).

■ Appellee's contention that the exclusionary clause is so deceptive as to be contrary to public policy and void is based upon the fact that it is located on the second page of the policy and under a heading of less impressive type than the insuring clause. Appellee also asserts that the clause takes

**2.** It is undisputed that appellant charges a substantially lesser premium for the coverage afforded under its "Economy Automobile Policy" than it charges for its regular automobile liability policy.

away nearly all of the protection which the insuring clause provides. There is no contention that the exclusionary clause is ambiguous.

In our view the substance of all of appellee's arguments with respect to the form of the policy and the clauses in question are answered in Lawrence v. Beneficial Fire & Casualty Insurance Co., 8 Ariz.App. 155, 444 P.2d 446 (1968). All parts of a contract are accorded equal dignity, where such is the manifest intent. The clause here involved qualifies the insuring clause in plain English terms. We can find nothing deceptive about it.

The judgment of the trial court is reversed, with instructions to enter judgment for appellant.

EUBANK, P. J., and JACOBSON, J., concur.