Royce L. WILSON and Brenda S. Wilson, Plaintiffs-Respondents,

v.

ROYAL GLOBE INSURANCE COMPANY, Defendant-Appellant.

No. KCD 29703.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer Denied Jan. 31, 1979.

Application to Transfer Denied March 13, 1979.

Jerry M. Drewry, Phillip S. Smith, Jr., McKenzie, Williams, Merrick, Beamer & Wells, Kansas City, for defendant-appellant.

Michael E. Reardon, Duncan & Russell, Kansas City, for plaintiffs-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Royce and Brenda Wilson filed suit against Royal Globe Insurance Company on an automobile liability insurance policy for reimbursement of medical expenses. Both parties filed a motion for summary judgment and the court granted the Wilsons' motion, entering judgment against Royal Globe.

On this appeal Royal Globe contends the court erred because it refused to give effect to an exclusion limiting medical expense payments provided by the policy. Reversed and judgment ordered in favor of Royal Globe.

An automobile liability insurance policy the Wilsons purchased from Royal Globe contained a provision for "medical expense coverage" in which Royal Globe agreed to pay reasonable medical expenses, subject to "exclusion (m)," in a separate section, which deducted from the medical expenses payable

. . . that amount of any medical expense which is paid or payable to or on behalf of the injured person under the provisions of any (1) premises insurance affording benefits for medical expenses, (2) individual, blanket or group accident, disability or hospitalization insurance, (3) medical, surgical, hospital or funeral service, benefit or reimbursement plan, or (4) workmen's compensation, or disability benefits law or any similar law.

The Wilsons and their two children were injured in an automobile accident while occupying the insured automobile and incurred medical expenses totaling $2,770.98. Wilson also had a policy with Blue Cross and Blue Shield affording coverage for the medical expenses resulting from the accident. Payment was received from Blue Cross for all but $377.69 of their expenses and Royal Globe then paid the Wilsons only the $377.69 which Blue Cross did not pay. Each party filed a motion for summary judgment, with the Wilsons asserting the invalidity of exclusion (m) while Royal Globe contended it was valid. The trial court denied Royal Globe's motion for summary judgment and entered summary judgment for the Wilsons.

On this appeal Royal Globe contends the court erred as a matter of law in granting the Wilsons' motion for summary judgment because the policy contained an exclusion couched in plain and unambiguous language that precluded the Wilsons from recovering any amounts paid by Blue Cross. "[A]bsent ambiguities or phraseology reasonably susceptible of different interpretations or meanings, . . . courts should enforce the plain provisions of contracts, including contracts of insurance." *Eaglestein v. Pacific National Fire Insurance Co.,* 377 S.W.2d 540, 542[1–3] (Mo.App.1964).

Wilson does not contend the language employed is ambiguous or otherwise faulty, but only that under § 376.775, subd. 1(5), RSMo 1969 *, exclusion (m) is invalid because it was not printed in the same provision as the medical expense coverage which it limited. Rather, the exclusion was printed in a later section of the policy under the heading "Exclusions. This policy does not apply:."

The fatal defect in Wilson's argument is that he attempts to classify the medical expense provision in Royal Globe's policy as an individual accident and sickness policy under §§ 376.770–.795, the Uniform Individual Accident and Sickness Insurance Law. However, § 376.773 limits application of these sections constituting the uniform law to policies insuring generally against sickness or bodily injury or death by accident. Operation of the medical expense provision in the Royal Globe automobile liability poli-

* All statutory references are to RSMo 1969 unless otherwise indicated.

cy now under consideration is contingent on the occurrence of specified accidents involving automobiles or highway vehicles. Thus, this medical expense provision is necessarily exempted from these sections constituting the uniform law.

Additional comparisons between the Royal Globe policy and requirements imposed by the sections designated as the Uniform Individual Accident and Sickness Law merely strengthen the conclusion that they do not apply in any way to the medical expense provision of the Royal Globe policy. For example, policies governed by these sections are limited to insuring only one person, except that § 376.775, subd. 1(3) permits a policy to cover an adult member of a family and other family members including the spouse and dependent children under the age of nineteen. In contrast, the medical expense provision in Royal Globe's policy covers not only the named insured in the automobile policy, but also any person occupying the insured vehicle, and in certain circumstances even any person occupying a non-owned vehicle. Moreover, in addition to the limitation just discussed, § 376.777 lists 33 other provisions required to be included in every individual accident and sickness insurance policy unless the omission of any specific provision is approved by the superintendent of insurance. Such additional mandatory provisions are obviously not included in the Royal Globe medical expense coverage, nor does the record reveal any communication from the superintendent of insurance acknowledging this coverage as an individual accident and sickness policy and granting permission to omit or vary the 33 required provisions.

█ Legislative intent not to include provisions for medical expenses in automobile liability policies within the purview of §§ 376.770–.795 is further emphasized by the enactment of §§ 379.110–.120, RSMo 1975 Supp., to regulate cancellation of automobile insurance. Section 379.110 defines "policy" as used in these sections, as "an automobile policy providing automobile liability coverage, uninsured motorist coverage, *automobile medical payments coverage*, or automobile physical damage coverage insuring a private passenger automobile [Italics added]." Royal Globe's policy, providing all the above enumerated coverage, is clearly within the definition of an automobile policy under § 379.110. The requirements of § 376.775, subd. 1(5), contrary to Wilson's assertions, simply do not apply to the medical expense coverage in the automobile liability policy issued by Royal Globe.

Wilson also contends exclusion (m) is invalid as contrary to public policy, but he fails to explain the manner in which public policy suffers except to argue that it is socially desirable for motorists to have medical expenses fully covered by both automobile liability policies and other policies. An effort is also made to rely on such cases as *Steinhaeufel v. Reliance Insurance Companies*, 495 S.W.2d 463 (Mo.App.1973), in which a provision cutting down uninsured motorists coverage in automobile liability policies was declared invalid. However, cases such as *Steinhaeufel* are easily distinguished as being based on statutory requirements that certain coverage be afforded by uninsured motorists provisions. No such statutory requirement is applicable to the medical expense coverage in the present policy.

Considering the precise question here involved, *Hartford Accident and Indemnity Co. v. Chiate*, 13 Ariz.App. 321, 476 P.2d 527 (1970), upheld as valid and unambiguous a medical expenses exclusion identical to that in Royal Globe's policy. The opinion noted that no case had been cited in which the disputed exclusion had been held invalid. Similarly, Wilson cites no cases in which the exclusion now under consideration has been declared invalid.

"It is the rule that except to the extent a statute may inhibit or public policy control, parties to an insurance contract are free to place such limitations and restrictions on the insurer's liability as they may be willing to agree." *Webb v. State Farm Mutual Automobile Ins. Co.*, 479 S.W.2d 148, 150[1] (Mo.App.1972). No reason, either statutory or public policy, has been offered which

successfully denigrates the validity of this exclusion. No reason is apparent to this court which would require the exclusion to be disregarded under the facts and circumstances of this case.

The judgment is reversed and the court is directed to enter judgment sustaining the motion for summary judgment of Royal Globe and denying the motion for summary judgment by Wilson.

All concur.