[No. 12102–2–I. Division One. July 15, 1985.]

DAWN MORRIS SCHAB, *Appellant,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent.*

*Martin D. Fox,* for appellant.

*William R. Hickman* (of *Reed, McClure, Moceri, Thonn & Moriarty*), for respondent.

GROSSE, J.—Dawn Morris Schab appeals the order granting summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm). She alleges error in holding that as a matter of law the limits on personal injury protection (PIP) policies cannot be aggregated.

The facts of the case are as follows:

On October 7, 1977, plaintiff Dawn Morris Schab was a passenger in an automobile driven by Scott Strong and owned by Lloyd Strong. The automobile was involved in an accident with an automobile driven by Jeffrey Kym. The Strong vehicle was insured by Farmers Insurance Group (Farmers). The Kym vehicle was uninsured. Schab suffered permanent and disabling injuries resulting in losses exceeding $200,000. She incurred $12,168.69 in medical expenses within 1 year of the accident. As a passenger in the Strong vehicle, Schab received the following payments from Farmers, in the total amount of $40,000: $10,000 for plaintiff's

medical expenses under the PIP endorsement;[1] $15,000 under the uninsured motorist endorsement; and $15,000 under the liability endorsement.

Schab was also an additional insured under a State Farm policy purchased by her mother. State Farm paid plaintiff $15,000 under the policy's uninsured motorist endorsement and offered to pay any medical bills incurred by plaintiff during the first year following the accident in excess of the $10,000 payment by Farmers.

After a hearing on motions for summary judgment by Schab and State Farm, the trial court granted defendant's motion and awarded plaintiff $2,168.69, the amount by which medical bills incurred by Schab during the first year exceeded the $10,000 medical coverage paid by Farmers. The relevant portions of the State Farm and Farmers policies are set forth in the margin.[2]

---

[1]Personal injury protection endorsement in an automobile policy obligates the insurer to pay up to a specific limit for medical expenses incurred by an insured, permitted user, passenger, or pedestrian as a result of an accident involving an insured vehicle.

[2]The State Farm policy provides in pertinent part:

"4. Other Insurance. No *person* may recover benefits afforded under this coverage from more than one policy or company on a duplicate basis. If *loss of income benefits* or *loss of services benefits* are available to any *person occupying* or through being struck by the *insured motor vehicle* and benefits are also available to such *person* as a named insured or as a *relative* of a named insured under another policy providing similar benefits, the policy providing coverage on the *insured motor vehicle* shall be primary and the policy available to such *person* as a named insured or as a *relative* of a named insured SHALL NOT APPLY.

"Subject to the preceding paragraph, if two or more insurers are liable to pay benefits under coverage P, the maximum amount payable under such coverage shall not exceed the amount payable under one policy. In the event that the company has paid more than its proportionate share of such benefits, it shall be entitled to recover the excess from each of the other insurers providing similar benefits. With respect to *bodily injury* resulting from an accident as a pedestrian or while *occupying a temporary substitute automobile* or *non–owned automobile, medical expense benefits* payable under this insurance shall be excess insurance over any other valid and collectible automobile Medical Payments or Personal Injury Protection Insurance."

The Farmers policy provides under "Other Insurance":

"If there is other automobile medical payments or Personal Injury Protection for medical and hospital benefits insurance against a loss covered by this endorse-

The major thrust of appellant's argument is that State Farm should pay the full $10,000 PIP coverage because Schab was not fully compensated for her general damages. In order to reach this result, Schab would have this court rewrite the State Farm policy. She would have us find that the State Farm provisions are ambiguous, mutually repugnant, and violative of public policy of providing recovery for people who are injured through no fault of their own. Although we are sympathetic to her plight, we must give effect to the limitations of the State Farm policy. We affirm the trial court's order granting summary judgment.

██ Where the language of a policy limitation is clear, the court will give effect to that language unless it is contrary to public policy. *See State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 481, 687 P.2d 1139 (1984). Although complicated, the language of the State Farm PIP excess provision is unambiguous. Since the language is clear and not susceptible to different meanings, there is no room for judicial construction. *Muench v. Oxley,* 90 Wn.2d 637, 646, 584 P.2d 939 (1978); *Morgan v. Prudential Ins. Co. of Am.,* 86 Wn.2d 432, 435, 545 P.2d 1193 (1976); *Abbott v. General Accident Group,* 39 Wn. App. 263, 693 P.2d 130 (1984).

Schab's argument that the excess and other insurance provisions of the State Farm and Farmers policies are repugnant and should be disregarded is misplaced. In support of her argument, she cites *Pacific Indem. Co. v. Federated Am. Ins. Co.,* 76 Wn.2d 249, 456 P.2d 331 (1969). In that case, the driver and the owner of the automobile were insured by different companies and were sued by the pas-

ment, the Company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limits of liability stated herein bear to the total applicable limits of liability of all such other valid and collectible insurance; provided, however, with respect to losses resulting from an accident while occupying or as a pedestrian through being struck by a temporary substitute or non-owned automobile this insurance shall be excess insurance over any other valid and collectible automobile medical payments or Personal Injury Protection Insurance."

senger of another car involved in the accident. Each insurance contract contained wording to the effect that coverage would be in excess of other valid and collectible insurance. The Supreme Court affirmed the trial court's decision to disregard the clauses and assess liability on a pro rata basis according to policy limits.

■ The holding of *Pacific Indem. Co. v. Federated Am. Ins. Co., supra,* does not apply to this case because the Farmers policy includes a pro rata clause. Consequently, the Farmers policy provides primary coverage.[3] The excess clause of the State Farm policy applies consistently with the Farmers pro rata clause to reimburse Schab for all the medical expenses she incurred within a year of the accident.

■ Schab argues that State Farm should pay its PIP policy limits because of public policy considerations. PIP coverage is not mandated by statute, it is a matter of contract. We find no public policy expressed in statutes or case law that would justify disregarding State Farm's excess clause. Recently, in declining to disregard a homeowner's policy exclusion on public policy grounds, the Washington Supreme Court discussed the public policy doctrine.

> [L]imitations in insurance contracts which are contrary to public policy and statute will not be enforced, but otherwise insurers are permitted to limit their contractual liability. [*Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 210, 643 P.2d 441 (1982)]; *Trinity Universal Ins. Co. v. Willrich,* 13 Wn.2d 263, 124 P.2d 950, 142 A.L.R. 1 (1942). While questioning the wisdom of certain exclusion clauses, we have been hesitant to invoke public policy to limit or avoid express contract terms absent legislative action. *Progressive Cas. Ins. Co. v. Jester,* 102 Wn.2d 78, 683 P.2d 180 (1984). "In general, a contract which is not prohibited by statute, condemned by judicial decision, or contrary to the public morals

---

[3]In disputes involving insurance policies with "pro rata" and "excess" clauses, Washington courts have designated the contracts with the pro rata clause as "primary" insurance. *Western Pac. Ins. Co. v. Farmers Ins. Exch.,* 69 Wn.2d 11, 416 P.2d 468 (1966); *Safeco Ins. Co. of Am., Inc. v. Pacific Indem. Co.,* 66 Wn.2d 38, 401 P.2d 205 (1965).

contravenes no principle of public policy." 17 C.J.S. *Contracts* § 211, at 1024 (1963).

*State Farm Gen. Ins. Co. v. Emerson, supra* at 481.

Washington appellate courts have invoked public policy to limit contract terms in two well defined areas. The Washington courts have used public policy as set forth in RCW 48.22.030 to expand uninsured and underinsured motorist coverage despite insurance contract provisions to the contrary. *Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975); *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 494 P.2d 479 (1972). In *United Servs. Auto. Ass'n v. Winbeck,* 30 Wn. App. 769, 637 P.2d 996 (1981), the Court of Appeals, Division One, upheld the trial court awarding $50,000 policy limits to Winbeck for underinsured motorist protection without deduction of $15,000, the policy limits paid by the tortfeasor's insurance. The court reasoned that Winbeck paid a premium for the underinsured motorist coverage and had a right to expect payment if recovery from other sources was less than Winbeck's damages.

Also, the courts have used public policy as set forth in the financial responsibility act, RCW 46.29, to protect innocent victims of automobile accidents from the efforts of the insurance companies to reduce "their" liability to these victims. In *Thiringer v. American Motors Ins. Co.,* 91 Wn.2d 215, 588 P.2d 191 (1978), the Washington Supreme Court made an exception to American's subrogation provision. American claimed that it should be reimbursed for PIP payments to Thiringer out of the proceeds of a liability policy limits settlement of $15,000 with the tortfeasor. The court upheld the trial court's holding that the settlement proceeds should be applied first toward payment of Thiringer's general damages and then if there is any excess toward the payment of special damages covered by the PIP provision. In *Nationwide Mut. Ins. Co. v. Kelleher,* 22 Wn. App. 712, 591 P.2d 859 (1979), the Court of Appeals, Division Three, gave effect to the *Thiringer* decision and rejected Nationwide's attempt to set off an amount repre-

senting payments made under the PIP endorsement against liability limits paid to a passenger whose damages exceeded the policy limits. The court found two separate contracts—one for PIP and one for general liability—both of which benefited the passenger.

■ PIP coverage is not mandated by statute, it is a matter of contract. There is no express policy reason to disregard State Farm's excess clause. As a result of Farmers' $10,000 payment and State Farm's excess $2,168.69 payment, Schab will receive full compensation for what the two insurance contracts promised: payment of all medical and hospital expenses incurred within a year of the accident.

In *Rodenbough v. Grange Ins. Ass'n,* 33 Wn. App. 137, 652 P.2d 22 (1982), the Court of Appeals was presented with the argument that it should allow stacking of PIP coverages of $10,000 on six policies purchased by the insured on six automobiles to reimburse the insured for medical expenses in excess of $60,000 for his daughter who was injured while driving an insured automobile. The court rejected this argument because there was no support in the policy language or public policy statements in statutory and case law. Schab makes a similar argument for "stacking" the State Farm and Farmers PIP coverages. "Stacking" is a term that means cumulating coverages under several policies purchased by the same parties on several automobiles.[4] Since Schab has incorrectly used the term stacking, we will characterize her argument as a claim for cumulation or double recovery. As in *Rodenbough,* we find no enunciated policy reasons which would allow us to disregard the clear policy provisions.

Excess clauses similar to the State Farm clause have been upheld by courts in other jurisdictions and have been applied to deny double recovery for PIP medical expenses.

---

[4]Other examples of "stacking" are *Cammel v. State Farm Mut. Auto. Ins. Co.,* 86 Wn.2d 264, 543 P.2d 634 (1975), and *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 563 P.2d 815 (1977).

*Hein v. American Family Mut. Ins. Co.,* 166 N.W.2d 363, 369 (Iowa 1969); *Schweisthal v. Standard Mut. Ins. Co.,* 48 Ill. App. 2d 226, 198 N.E.2d 860 (1964); *Burns v. Employers' Liab. Assur. Corp.,* 205 Pa. Super. 389, 209 A.2d 27 (1965); *Wyman v. Allstate Ins. Co.,* 29 A.D.2d 319, 288 N.Y.S.2d 250 (1968).

The trial court's summary judgment is affirmed.

SWANSON and WEBSTER, JJ., concur.