[Civ. No. 35603. Second Dist., Div. Four. Oct. 16, 1970.]

SAFECO INSURANCE COMPANY OF AMERICA et al.,
Plaintiffs and Respondents, v.
HARVEY L. HOUCHINS, Defendant and Appellant.

**COUNSEL**

Arthur S. Black for Defendant and Appellant.

Allan S. Garber and L. E. Schweiner for Plaintiffs and Respondents.

## OPINION

**DUNN, J.**—On July 31, 1967 appellant, a postal employee, was driving a United States mail truck in the course and scope of his employment and was injured when it collided with a vehicle driven by Gary Gnade, an uninsured motorist. The United States, through its Bureau of Employees' Compensation, paid benefits to appellant pursuant to 5 United States Code Annotated sections 8101-8150, entitled "Compensation for Work Injuries."[1]

Before the accident, respondents had issued a policy of automobile insurance to appellant affording uninsured motorist coverage with limits required by California statute and otherwise complying with California Insurance Code section 11580.2. Appellant instituted an arbitration proceeding, pursuant to Insurance Code section 11580.2, subdivision (f). Respondents then filed a superior court action seeking: (1) an injunction prohibiting the arbitration and (2) a declaration that any amount payable by respondents to appellant should be reduced by the amount of compensation benefits paid and payable to appellant by his employer. This action went to trial and the court found the amounts so paid and payable exceeded the limits of respondents' uninsured motorist coverage. Judgment was ordered for respondents and appellant was enjoined from further pursuing arbitration. The appeal is from that judgment.

Only one point is presented on this appeal, namely, the right of respondent insurers to reduce uninsured motorist benefits payable to appellant by the amount he received from his employer, the United States government, as compensation for work injuries.

Insurance Code section 11580.2, subdivision (a) requires an automobile policy to provide uninsured motorist coverage, unless deleted by written agreement. The insured must be covered, with statutory limits, ". . . for all sums within such limits which he . . . shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle." Subdivision (h) states: "Any loss payable under the terms of the uninsured motorist . . . coverage to or for any person may be reduced: (1) By the amount paid and the present value of all amounts payable to him under any workmen's compensation law. . . ." The policy issued by respondents adopted the statutory language providing, under its clause entitled "Limits of Liability," that: "(b) Any loss payable under the terms of this coverage to or for any person shall be reduced by: (1) the amount paid and the present value of all amounts payable to him under any workmen's compensation law. . . ."

---

[1]Title 5, U.S.C.A., "Government Organization and Employees," part III, subpart G, chapter 81, subchapter I.

The question to be determined is whether the system of compensation for work injuries provided by the United States Code is a workmen's compensation law. A review of this system discloses that it is entitled "Compensation for Work Injuries" (see fn. 1) and requires the United States to pay compensation ". . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty. . . ." The government is required to furnish such injured employee with medical care and assistance; vocational rehabilitation may be provided for one permanently disabled. An Employees' Compensation Fund is established and total and partial disabilities are compensated according to a schedule; a claim for compensation must be filed by or on behalf of the employee; there is provision for a hearing, findings and an award, the award being subject to review by an Employees' Compensation Appeals Board; in case of a fatal injury, death benefits are payable. It is obvious these provisions constitute a "workmen's compensation law" as contemplated by Insurance Code section 11580.2, subdivision (h) and by the insurance policy. Counsel have cited us to no contrary case and our own research has disclosed none.

Appellant contends the United States is an "insured" within the meaning of the policy and is a "person" entitled to recover, citing *Government Employees Insurance Co.* v. *United States* (4th Cir. 1967) 376 F.2d 836. He contends the government, under 5 United States Code Annotated section 8131, may require him to assign his rights against respondents to the United States and that the Insurance Code conflicts with the government's rights thus to be subrogated. The cited case is not in point. It considered only the right of the United States to sue, not the extent of its recovery.

Neither the United States Code, the Insurance Code nor the policy endows the government with rights greater than those of the named or any other insured under the policy. The United States may be subrogated, under 5 United States Code Annotated section 8131, to the rights of its employee where: ". . . an injury or death for which compensation is payable . . . is caused under circumstances creating a legal liability on a person other than the United States to pay damages. . . ." This means only that the government may step into its employee's shoes and based upon his rights, if any, seek reimbursement from a third party. (See generally: 46 Cal.Jur.2d 95, Subrogation, § 13.) The rights the government has against Gary Gnade, who caused the accident, are unaffected by the Insurance Code. Similarly unaffected are the government's rights against respondents. It has only the same rights to recover against them as does appellant, not greater.

Appellant's right of recovery from respondents is based upon the terms of his contract with them. He would have no right at all except for the provi-

sions in the policy, required by the statute. Since the statute (and respondents' policy) specifically provides that any loss payable ". . . may be reduced . . . . (1) By the amount paid and the present value of all amounts payable . . . under any workmen's compensation. . . .", the government's rights against respondents are likewise limited. Accordingly, the effect of the Insurance Code is not to deprive the United States of any right of subrogation; there is no conflict with the United States Code provisions.

There is little doubt that the provision for reducing liability by off-setting against the compensation benefits, is a valid provision under California law. (See generally, 24 A.L.R.3d 1369, Annotation, Uninsured Motorist Coverage: Validity and Effect of Policy Provision Purporting to Reduce Coverage by Amount Paid Under Workmen's Compensation Law; and see: *Fireman's Fund etc. Co.* v. *Ind. Acc. Com.* (1964) 226 Cal.App.2d 676 [38 Cal.Rptr. 336]; *Eliopulos* v. *North River Ins. Co.* (1963) 219 Cal.App. 2d 845, 854 [33 Cal.Rptr. 449]; *Jarrett* v. *Allstate Ins. Co.* (1962) 209 Cal. App.2d 804 [26 Cal.Rptr. 231].) The language of the policy is clear and its meaning unambiguous. A statement in *Darrah* v. *California State Automobile Assn.* (1968) 259 Cal.App.2d 243, 247 [66 Cal.Rptr. 374] is in point: "Finally, Wheatley and Darrah insist that we apply the well-known rule that any ambiguity or uncertainty of an insurance policy will be construed against the insurer which caused the ambiguity to exist. Even if we were to find an ambiguity that rule would not be fairly applicable here. The policy's language under discussion is not the choice of the insurance companies. It is substantially the language of the Legislature as expressed in section 11580.2."

The judgment is affirmed.

Files, P. J., and Frampton, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.