John J. STEINHAEUFEL, Plaintiff-Appellant,

v.

RELIANCE INSURANCE COMPANIES et al., Defendants,

State Farm Mutual Automobile Insurance Company, Defendant-Respondent.

No. 34682.

Missouri Court of Appeals, St. Louis District, Division One.

May 8, 1973.

Hullverson, Hullverson & Frank, Stephan J. Glynias, Leon Feigenbaum, St. Louis, for plaintiff-appellant.

Evans & Dixon, William Wallace Evans, Eugene Buckley, St. Louis, for defendant-respondent.

WEIER, Acting Presiding Judge.

From a judgment denying coverage under the uninsured motorist provision of his policy, plaintiff, John J. Steinhaeufel, has appealed. The issues on appeal arise out of the provisions of plaintiff's policy of automobile liability insurance and an interpretation of Missouri statutory law as it

applies to the policy. We reverse and remand.

The facts of liability and coverage are simple and were submitted to the trial court on a stipulation of the parties. On March 3, 1970, a truck operated by plaintiff and owned by Griffith Brokerage Company, plaintiff's part-time employer, came into collision with an automobile driven by Frances Brown, an uninsured motorist. The collision was occasioned by the negligence of Frances Brown. At the time of the collision plaintiff's employer, and the vehicle he was driving, was insured by Reliance Insurance Company whose policy contained uninsured motorist coverage with a limit of $10,000.00 for each person and $20,000.00 for each accident respecting bodily injury. Defendant State Farm Mutual Automobile Insurance Company had issued a policy to plaintiff on his personal automobile which also contained uninsured automobile coverage. The policy by reference to the amount specified by safety responsibility laws of Missouri limited its coverage to $10,000.00 for one person or $20,000.00 for one accident as to bodily injury. By stipulation, it was agreed that Reliance Insurance Company had the primary coverage under their uninsured motorist provision and that they had exhausted their coverage by paying to plaintiff an amount equivalent to $10,000.-00, the limit of their coverage on plaintiff. Plaintiff, having previously received satisfaction as to defendant Reliance, dismissed as to that defendant. At time of submission to the trial court without a jury, evidence as to the nature and extent of injuries suffered by plaintiff was introduced. The court determined that plaintiff had suffered damages in the amount of $15,000.00. After determining that the provisions of the State Farm policy prevented the payment of any excess amount over the $10,000.00 coverage provided by Reliance, the court rendered judgment in favor of defendant State Farm.

On appeal, plaintiff charges error in the trial court's denial of recovery against State Farm. He contends that under the Missouri statute requiring uninsured motorist coverage State Farm must provide insurance protection for the recovery of damages occasioned by the operators of uninsured motor vehicles and it cannot avoid this obligation by provisions of its policy. Plaintiff relies not only upon the wording of the Missouri statute but also upon public policy to require payment of his claim. To sustain the judgment below, defendant State Farm maintains that the trial court properly denied the recovery under its policy because its conditions provided in plain and unambiguous language that its coverage should apply only as excess insurance over any other similar insurance available and would then apply only in the amount by which the applicable limit of liability of the coverage exceeded the sum of the applicable limit of liability of all such other insurance. Thus, posed, the issue as presented is one of first impression in this state, not having been previously passed upon by any of our appellate courts. In the resolution of this matter, an answer must be given to the question as to whether such an excess-escape clause is a valid exclusion in the light of the uninsured motorist statute, Section 379.203, RSMo 1969, V.A.M.S., (later amended by RSMo Supp.1971; Laws 1972, p. —— S.B. No. 548, Section 1). The pertinent portion of the statute reads: "1. No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; * * *." Section 303.030, RSMo 1969, V.A.M.S., a part of our safety

responsibility law, requires minimum coverage as to bodily injury of not less than $10,000.00 for one person and not less than $20,000.00 for one accident in each policy of liability insurance to prevent suspension of the operator's license and the registration of the motor vehicle involved in an accident.

■ After providing coverage as required in Section 379.203, the policy of State Farm contained this condition: "14. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance." State Farm urges us to follow the language of this condition and affirm the trial court. The language appears to be clear, plain and unambiguous. Under its provisions, if the insured, Steinhaeufel, receives bodily injury while occupying an automobile not owned by him under the uninsured motorist coverage, then the insurance provided by this clause is to apply only as excess insurance over other insurance available to the occupant. In this event, coverage here provided by State Farm would apply only in the amount by which the limit of liability, $10,000.00, exceeds the applicable limit of the other insurance, which in this case was $10,000.00. This would allow State Farm to escape any payment to the plaintiff. We are aware, of course, of the rule which is well established in this state that an insurance contract couched in plain and unambiguous language must be given its plain meaning. It is only when the contract is ambiguous that a court may be called upon to construe it, and it is only at that time that a construction favorable to the insured must be adopted. Central Sur. & Ins. Corp. v. New Amsterdam Cas. Co., 359 Mo. 430, 222 S.W.2d 76, 78[1] (1949). But we are not here concerned with construing the clause found in State Farm's policy. Rather, we are concerned with the validity of such a clause when considered in the light of the legislative mandate requiring no automobile liability insurance shall be delivered or issued in this state unless uninsured motorist coverage is provided in this insurance for not less than the limits set forth in the motor vehicle responsibility law.

■ The parties to an insurance contract are free to place limitations and restrictions on the insurer's liability as the contracting parties may be willing to agree unless prohibited by statute or public policy. Webb v. State Farm Mutual Automobile Ins. Co., 479 S.W.2d 148, 150[1] (Mo. App.1972). Thus in State Farm Mut. Auto. Ins. Co. v. Western Cas. & Sur. Co., 477 S.W.2d 421 (Mo.1972) an escape clause in a garage liability policy was held to be valid and enforceable by the insurer in consideration of a reduced rate of premium where the policy provided that no damages were collectible if there was other valid and collectible insurance, whether primary, excess or contingent, available to a garage customer, the user of the vehicle. And before the passage of Section 379.203, when uninsured motorist coverage was permissive in this state but not the subject of statutory enactment, parties to an insurance contract were free to make the terms of the contract as they were willing to accept and adopt. Seabaugh v. Sisk, 413 S.W.2d 602 609[4] (Mo.App.1967). Now, however, as previously stated, we are dealing with uninsured motorist insurance expressly required by state statute which contains no allowance for limitation or restriction on the insurer's liability. Such coverage was designed to close the gap in the protection afforded the public under existing financial responsibility laws and, within fixed limits, to provide recompense to innocent persons injured by motorists who lack financial responsibility. As such it is entitled to be liberally construed to accom-

plish its highly remedial purpose. Webb v. State Farm Mutual Automobile Ins. Co., *supra,* 479 S.W.2d 148, 151[2, 3] (Mo. App.1972). In that case, the Kansas City District of our Court decided that a policy provision which undertook to reduce the amount payable under the uninsured motorist coverage by an amount due under the medical payments coverage was on its face repugnant to the uninsured motorist and financial responsibility laws of the state. The court there declared: " * * * the statutory policy of Missouri forbids impairment of the prescribed minimum uninsured motorist coverage by another policy provision attempting to limit liability thereunder." (l.c. 154)

Although this exact problem has not been before the appellate courts of this state up to this time, it has been presented to and resolved by appellate courts of many other jurisdictions. Many of these cases are collected in an annotation in 28 A.L.R.3d 551 (1969). The majority of the cases reviewed therein, together with those that have been published since this annotation, favor the view which we have taken in this decision. Cases in states where the statute is similar to our Section 379.203 and which we have found to be persuasive in our view of the application of the statute to this problem are: Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (1970); Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla.1966); Simpson v. State Farm Mutual Automobile Insurance Co., 318 F.Supp. 1152 (D.C.S.D.Ind.1970); Meridian Mutual Insurance Company v. Siddons, 451 S.W.2d 831 (Ky.App.1970); Protective Fire and Casualty Company v. Woten, 186 Neb. 212, 181 N.W.2d 835 (1970); Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A.2d 112 (1968); Fidelity & Casualty Company of New York v. Gatlin, 470 S.W.2d 924 (Tex.Civ.App.1971); American Liberty Insurance Company v. Ranzau, 473 S.W.2d 249 (Tex.Civ.App. 1971).

In the cases from other jurisdictions many reasons have been advanced by the insurer to sustain its position as to its "excess-escape" clause. One of these mentioned by defendant State Farm in the instant case is the frequent statement by courts that uninsured motorist coverage has as its purpose the placing of an insured in the same position as if the tort feasor himself was insured. This has been advanced by some of the courts adhering to the minority rule as the reason why the "other" insurance provision containing the escape clause of the policy should be observed. This theory of uninsured motorist coverage has been used to confine an insured to a recovery of the minimum limits of the coverage required by statute where the policy clauses so provide. Thus in some cases where the primary insurance is exhausted, the result in these jurisdictions might be that no compensation whatever would be made for injuries of the insured under his own policy because all funds available under other applicable insurance are exhausted by the claims of other parties. An answer to this is that the statute does not place any top limitation on coverage but provides coverage for not less than the limits required under the law, which in this case is $10,000.00. Another theory urged in other jurisdictions has been that it was not the intention of the legislature to provide a windfall to those who had been injured in accidents caused by drivers of automobiles covered by the standard automobile insurance policy. The answer to this seems to be that to allow an insurer to reduce its liability on uninsured motorist coverage would be a windfall to it. The insured has paid for coverage under the terms of a statute which require the inclusion of such coverage in his policy and should have the benefit of the coverage if necessary to compensate for actual loss. Many of the decisions express the view that it would be unconscionable to collect a premium for coverage which the insurers are required to provide by statute and then

avoid payment by a clause or condition in the policy inserted by the insurer.

■ Our uninsured motorist statute requires a minimum amount of coverage on each policy of automobile liability insurance issued in this state. It does not place a limit on the total amount of the coverage so long as that amount does not exceed the amount of actual loss. Here the parties have agreed that the Reliance policy had the primary coverage under its uninsured motorist provisions and have exhausted this coverage by paying to plaintiff the limits of its coverage. Plaintiff was adjudged to be entitled to a total of $15,000.00, or $5,000.00 more than the limits of the Reliance policy. As to this excess amount, he is entitled to payment under the State Farm policy which was issued to him and which provides uninsured motorist coverage available to him. Where such coverage has been provided, the insurer may not avoid its statutorily imposed liability by insertion in the policy of a limiting clause which restricts the insured from receiving the benefit of that coverage.

Defendant State Farm has raised another issue in this case. Considering the possibility that the trial court's decision might be reversed and that it would be ordered to pay the balance of the judgment obtained by plaintiff, it has suggested in that event another condition of its policy must be considered and any benefits paid plaintiff under the Missouri Workmen's Compensation Law should be deducted from any amount that might be assessed against State Farm. This problem arises out of the fact that plaintiff Steinhaeufel at the time of the collision was employed by Griffith Brokerage Company, the owner of the truck involved in the collision. Since he was engaged in this employment at the time of the collision, he received through June 18, 1971, the sum of $2,016.62 in compensation benefits. Under his settlement agreement with Reliance, that amount was deducted from the $10,000.00 that was paid him at the time in accordance with an agreement entered into by plaintiff and Reliance.

■ Condition 13 on which defendant State Farm relies to assert its setoff for the payment of workmen's compensation benefits provides that any amount payable under the uninsured motorist coverage shall be reduced by the amount paid and the present value of all amounts payable under any workmen's compensation law. This is the same clause which provides for the deduction of sums paid under medical payments coverage, a setoff that was denied in Webb v. State Farm Mutual Automobile Ins. Co., *supra*. In the other issue raised in this case, State Farm, to support its position, relied in its argument on the alleged evil of stacking policies and the allowance of a double recovery to a claimant who is seeking only full payment of an amount that had been adjudicated due him. Now, incongruously enough, despite the fact that the amount of workmen's compensation paid plaintiff has already been deducted from the amount paid him by Reliance under its uninsured motorist coverage, State Farm is apparently attempting to deduct the same amount and in effect assert a double setoff. Aside from such an inconsistent position, and despite the lack of merit in its contention based upon the facts, we see no difference in its claim to setoff for any workmen's compensation paid and the contention of medical payments setoff in *Webb*. For the reasons that we have heretofore fully discussed in connection with the main issue presented in this case and the ruling and reasoning of the court in *Webb*, the validity of Condition 13 with respect to a reduction and setoff for workmen's compensation paid is successfully challenged. Defendant's theory of setoff is without merit. Booth v. Seaboard Fire & Marine Insurance Co., 431 F.2d 212, 217 (8th Cir. 1970).

The judgment below is reversed. The case is remanded with instructions to enter judgment against defendant State Farm in the sum of $5,000.00 together with interest

from April 27, 1972, the date of the judgment in the trial court establishing that plaintiff was entitled to recover the total sum of $15,000.00 for his injuries.

CLEMENS and McMILLIAN, JJ., concur.