**Alice Mason DOUTHET, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

**No. 59615.**

Supreme Court of Missouri,
En Banc.

Feb. 14, 1977.

Paul V. Gilbert, Cape Girardeau, for appellant.

Manuel Drumm, Drumm & Stamp, Sikeston, for respondent.

FINCH, Judge.

This case, written on recent reassignment, presents another question arising un-

der § 379.203 RSMo Supp. 1975,[1] wherein it is mandated that automobile liability insurance policies delivered or issued for delivery in this state include uninsured motorist coverage as therein specified. More specifically, it involves the validity of a policy provision which says that from amounts payable under the uninsured motorist coverage because of bodily injuries sustained there shall be deducted those amounts paid or payable under any workmen's compensation law on account of such bodily injuries.[2] This question was ruled upon in *Steinhaeufel v. Reliance Insurance Companies*, 495 S.W.2d 463 (Mo.App.1973), but has not been considered by this court.

Plaintiff obtained a jury verdict against defendant, her uninsured motorist carrier, for $2,500 on account of personal injuries received in an accident with an uninsured motorist. Defendant sought unsuccessfully (by a proposed instruction and, in the alternative, by a post-verdict motion) to reduce the amount of the recovery by the sum of $529.05 paid by a workmen's compensation carrier to plaintiff for compensation and for medical expenses incurred as a result of the injuries received in said automobile accident.

The appeal in this case was directed originally to the Missouri Court of Appeals, Springfield District. After opinion by that court, we ordered on application of defendant that the case be transferred pursuant to Mo.Const. art. V, § 10, and we now decide it as though here on direct appeal. We affirm.

■ The policy provision which directs that any amount payable thereunder is to be reduced by sums paid under the workmen's compensation law on account of the same injuries is clear and unambiguous. "It is the rule that except to the extent a statute may inhibit or public policy control,

parties to an insurance contract are free to place such limitations and restrictions on the insurer's liability as they may be willing to agree." *Webb v. State Farm Mutual Automobile Ins. Co.*, 479 S.W.2d 148, 150 (Mo.App.1972). Hence, the question squarely presented is whether the foregoing policy provision is violative of § 379.203 which requires insurance policies to provide uninsured motorist coverage "in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder".

Defendant argues that the purpose of § 379.203 is to give to one injured by an uninsured motorist the same protection which would have been available to the insured person if the uninsured tort-feasor had complied with the minimum requirements of the Motor Vehicle Safety Responsibility Law (hereinafter Safety Responsibility Law), and that the policy provision in question is not inconsistent with such statutory objective. To illustrate, it argues that if the tort-feasor who injured plaintiff had been insured and plaintiff has recovered $2,500 against him, she would have been required by § 287.150 to have reimbursed the compensation carrier for payments received by her from it. That would have resulted in a net recovery by her of $1,970.95. Consequently, argues defendant, if plaintiff's recovery in this case is reduced by the $529.05 which she received from her compensation carrier, she will have received the same net amount as she would have if the tort-feasor had been insured.

This theory as to the meaning and purpose of § 379.203 is not in harmony with our interpretation thereof in *Cameron Mutual Insurance Co. v. Madden*, 533 S.W.2d 538 (Mo. banc 1976). The policy involved in that case covered two automobiles and as to each provided uninsured motorist coverage

---

1. All statutory references are to RSMo 1969 unless otherwise indicated.

2. The policy in question contained this provision under the section of the policy headed "Limits of Liability":

   "(b) Any amount payable under this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by: . . . (2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law; . . . ."

which included $10,000 coverage for one person and $20,000 for one accident. However, the policy contained a clause which undertook to restrict insurer's total liability under the policy to the limits stated for one automobile. In other words, the policy sought by the clause to prevent "stacking" of coverages. This court held that § 379.-203 requires the specified minimum coverage on each automobile and that the public policy thereby expressed dictates that such coverages may not be restricted or diminished by contractual provisions which undertake to limit maximum coverage to the amounts specified for one automobile when such contractual limitations were not specifically authorized by the statute.

The dissenting opinion in *Cameron* referred to *Sterns v. M.F.A. Mutual Insurance Co.,* 401 S.W.2d 510, 517 (Mo.App. 1966), and argued that as therein stated the purpose of § 379.203 was to give the same protection to a person injured by an uninsured motorist as he would have had if the tort-feasor had been covered by the minimum coverage required by the Safety Responsibility Law. So construed, argued the dissenting opinion, the statute was satisfied if the policy provided minimum coverage to give the protection called for by the Safety Responsibility Law and, hence, it did not require stacking of coverage. If that reasoning had been adopted by this court, the result in *Cameron* necessarily would have been to uphold the limiting clause in the policy considered in that case. Instead, we held that the limiting clause did violate the public policy expressed in § 379.203 and, hence, was void.[3]

Similarly, the case of *Galloway v. Farmers Insurance Co.,* 523 S.W.2d 339 (Mo.App. 1975), cited with approval in *Cameron,* recognized that an insurer may not, by contractual provisions, diminish coverage re-

quired by the Safety Responsibility Law. In *Galloway,* there were separate policies on two automobiles rather than a single policy covering two automobiles as in *Cameron.* Each policy provided coverage in amounts which complied with the Safety Responsibility Law but each contained a provision which stated that if other insurance in the company was applicable, no payment should be made thereunder which would result in a total payment to the insured in excess of the highest applicable limit under any one policy. In other words, it also undertook contractually to prevent stacking of the coverage in the two policies. In holding these contractual restrictions inconsistent with the public policy expressed in § 379.203 and, hence, unenforceable, the court said at 343:

> " * * * Public policy requires that coverage in the statutory amount under each of the policies stand undiminished by contractual limitation, regardless of whether the policies are issued by the same or different insurers. Numerous cases have permitted stacking of coverage under multi-policies issued by the same company to the same party, despite limiting policy clauses of the type under consideration. (Citations omitted.) * * * "

A result consistent with that approved in *Cameron* and *Galloway* was reached in *Webb v. State Farm Mutual Automobile Ins. Co., supra.* In that case the insurer sought to reduce the sums payable under its uninsured motorist coverage by amounts due under its medical payment coverage in the same policy. It relied on a provision in the policy which stated that any amount payable under its uninsured motorist coverage would be reduced by sums paid or payable under the medical payments coverage.

---

**3.** It is true that in *Sterns v. M.F.A. Mut. Ins. Co., supra,* at 527, decided before adoption of our uninsured motorist statute in 1967, and in *Webb v. State Farm Mut. Auto. Ins. Co., supra,* at 151, the court of appeals stated by way of explanation and historical background that uninsured motorist coverage was designed to give the same protection to one injured by an uninsured motorist that he would have had if the

tort-feasor had been covered by a standard automobile liability policy. As already noted, we do not agree with that interpretation of § 379.203. However, the decisions in those cases were not based upon such explanation of the purpose of our uninsured motorist insurance statute and our disavowal of such meaning of the statute is not intended to cast doubt on either of those decisions.

In denying such deductions, the court said, 479 S.W.2d at 152:

" * * * [D]efendant's policy provision which undertakes to reduce the amount payable under the uninsured motorist coverage by an amount due under the medical payments coverage is on its face repugnant to the mandate of our uninsured motorists and financial responsibility laws which require limits of *not less than* $10,000 for injury to or death of one person and $20,000 for injury to or death of two or more persons in any one accident. Although the question we consider has not been passed on previously by an appellate court of this state, the result we reach accords with the weight of sound authority in other jurisdictions which hold (under statutes substantially the same as our own) that an uninsured motorist policy provision which authorizes a setoff of payments owing thereunder by amounts payable under a separate medical payments coverage is void and unenforceable as resulting in a reduction of insured motorist coverage below the minimum required by statute. * * * * "

■■■ The holdings in *Cameron, Galloway* and *Webb* that § 379.203 requires that coverage in the amounts required by the Safety Responsibility Law not be diminished by contractual limitation, absent express statutory authority therefor, govern the outcome of this case. It would violate the public policy expressed in § 379.203 to permit diminution of coverage by requiring credit for workmen's compensation payments. Hence, we hold that the policy provision requiring reduction of sums payable under the policy by workmen's compensation payments is void. Such holding is consistent with the decision in *Steinhaeufel v. Reliance Insurance Companies, supra.*

In deciding this case we have considered cases from other jurisdictions, including those cited by the parties, some of which are consistent with the conclusion we reach

and some of which are contrary thereto.[4] In some instances cases upholding such limiting clauses are based on statutory authorization[5] and are distinguishable for that reason. Others have not been found to be persuasive in interpreting our statute.

■■■ Defendant advances an additional argument which we have considered. It urges that we should adopt the interpretation of the statute it proposes because to do otherwise results in double recovery by the injured party to the extent that the total amount received exceeds her total damages. In other words, it argues that in this case the effect is to give plaintiff a windfall of $529.05. Such an argument was considered and answered in *Steinhaeufel, supra,* 495 S.W.2d at 467, when the court said:

" * * * Another theory urged in other jurisdictions has been that it was not the intention of the legislature to provide a windfall to those who had been injured in accidents caused by drivers of automobiles covered by the standard automobile insurance policy. The answer to this seems to be that to allow an insurer to reduce its liability on uninsured motorist coverage would be a windfall to it. * * * * "

See also *Williams v. Buckelew,* 246 So.2d 58, 68 (La.App.1971).

Furthermore, this last argument by defendant overlooks the fact that such a result regularly occurs when a plaintiff receives payments from a source unconnected with defendant such as hospitalization insurance. In such instances, the collateral source doctrine is applied and the courts consistently hold that the tort-feasor has no right to benefit from such payments. *Stanziale v. Musick,* 370 S.W.2d 261, 267 (Mo.1963); *Kickham v. Carter,* 335 S.W.2d 83, 89–90 (Mo.1960); *Aldcroft v. Fidelity & Casualty Co. of New York,* 106 R.I. 311, 259 A.2d 408, 412 (1969); 25 C.J.S. Damages § 99 (1966). In this case, the defendant did

---

4. For those interested in other cases, see A. Widiss, A Guide to Uninsured Motorist Coverage § 2.65 (1976 Supp.); Annot. 28 A.L.R.3d 551 (1969); Annot. 24 A.L.R.3d 1369 (1969); 39 Mo.L.Rev. 96 (1974); 17 S.D.L.Rev. 152 (1972).

5. For example, see *Safeco Ins. Co. of America v. Houchins,* 12 Cal.App.3d 12, 90 Cal.Rptr. 414 (2d Dist. 1970).

not create or pay for and was not the source of the workmen's compensation payments received by plaintiff. If defendant company is allowed credit therefor, it receives a windfall in that its coverage is reduced in spite of the public policy of Missouri expressed in § 379.203. In such a situation, if there is to be a windfall, it should go to the injured person rather than to insurer. *Steinhaeufel, supra; Adams v. Turner*, 238 F.Supp. 643, 644–45 (D.D.C. 1965).

Judgment affirmed.

All concur.

RENDLEN, J., not participating.