**MIDWEST MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**THE AETNA CASUALTY & SURETY COMPANY, Defendant-Respondent.**

No. KCD 29454.

Missouri Court of Appeals,
Kansas City District.

April 3, 1978.

Rehearing Denied May 1, 1978.

Robert G. Oberlander, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, for plaintiff-appellant.

John R. Gibson, John R. Sims, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for defendant-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

This case presents the question of the individual liability of insurance carriers when there are multiple policies affording uninsured motorist coverage to an insured.

Midwest Mutual issued a policy of insurance covering Phil R. Banks in the operation of a motorcycle. This policy contained $10,000 coverage for uninsured motorist damages. Banks was also covered as an insured under an automobile policy issued to his stepfather in whose home he resided. This policy was issued by Aetna and likewise afforded $10,000 uninsured motorist coverage.

After suffering injuries in a collision with an uninsured motorist, Banks effected a settlement of $4,500 with Midwest. On the failure of Aetna to contribute one-half of this amount, Midwest filed suit. Both Midwest and Aetna moved for summary judgment. The court granted the motion of Aetna and Midwest appeals.

On this appeal both parties argue the effect of the "other insurance" clause in the Aetna policy and meet on the battleground of whether Aetna's policy provided only "excess" coverage or "pro rata" coverage with Midwest. Reversed.

The cause was submitted on a stipulation of facts. Aetna's policy with reference to uninsured motorist coverage contained an "other insurance" clause identical to that set out in *Steinhaeufel v. Reliance Insurance Companies*, 495 S.W.2d 463, 466[1] (Mo.App.1973). In that case the court held

such clause was void because it was against the public policy as declared in § 379.203, RSMo 1975 Supp. No question is raised as to the coverage of Banks under the Aetna policy except the policy question discussed.

In fact all limitations on the $10,000 uninsured motorist coverage mandated by § 379.203 have been struck down in this State. *Steinhaeufel, supra; Galloway v. Farmers Insurance Company Inc.,* 523 S.W.2d 339 (Mo.App.1975); *Cameron Mutual Insurance Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976); *Douthet v. State Farm Mutual Auto Insurance Co.,* 546 S.W.2d 156 (Mo. banc 1977); *Webb v. State Farm Mutual Automobile Ins. Co.,* 479 S.W.2d 148 (Mo.App.1972). Thus the battleground the parties have chosen does not exist in Missouri because the provisions in Aetna's policy which purport to limit its obligation to Banks for uninsured motorist coverage do not exist. In short, Aetna's policy afforded a full $10,000 uninsured motorist coverage to Banks the same as the Midwest policy. Thus, the question is not whether Midwest is a primary carrier or whether Aetna is an excess carrier or whether Aetna's coverage is only pro rata with Midwest. By reason of the removal of all restrictions on uninsured motorist coverage, each policy involved here afforded Banks $10,000 in uninsured motorist coverage.

The only comparable cases this court has located are *Sellers v. United States Fidelity and Guaranty Co.,* 185 So.2d 689 (Fla.1966) and *Allstate Insurance Co. v. Dairyland Insurance Co.,* 271 So.2d 457 (Fla.1972). In *Sellers* the Florida Supreme Court indicated that under Paragraph 4 of that State's uninsured motorist statute, which is almost identical to Paragraph 4 of § 379.203,[1] multiple insurers were required to prorate among themselves any payment made. The court there stated at 185 So.2d 692 "if there exists more than one automobile liability insurance policy protecting the same insured, then in case of loss each of the insurers would, under general law relating to insurance and paragraph number 4 of the statute, prorate the amount paid to cover the loss of the insured." The court pointed out an insured should not be delayed or frustrated in having his claim settled by reason of having multiple coverage. The court stated the insured could pursue any one or more of the policies which covered his claim, of course limiting the coverage under any one policy to its limits. The court also stated each insurer could properly insist that it be informed of the total amount of the loss suffered by the insured and whether or not the insured had other coverage for such loss. The court further stated that as a practical matter when settlement or recovery of a loss between an insured and an insurer had taken place it would then be in order for the insurers to make proration inter se.

In *Allstate* the insured party was covered by a $10,000 uninsured motorist policy issued by Allstate on the automobile she occupied. She and her husband were likewise covered for uninsured motorist injuries by a policy on their own automobile issued by Dairyland in the amount of $15,000. The insured made settlement with Allstate in the amount of $3,750. Although Allstate demanded Dairyland participate it declined to do so. The court held that under *Sellers* Dairyland was required to pay 60% of the amount paid the insured since Dairyland provided 60% of the total coverage available to the insured.

A similar case is *Public Service Mutual Insurance Company v. Katcher,* 36 N.Y.2d 295, 367 N.Y.S.2d 752, 327 N.E.2d 799 (1975). There the court held two insurers

---

1. In the event of payment to any person under the coverage required by this section, and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer; provided, however, with respect to payments made by reason of the coverage described in subsections 2 and 3 above, the insurer making such payment shall not be entitled to any right of recovery against such tortfeasor in excess of the proceeds recovered from the assets of the insolvent insurer of said tortfeasor.

with policies which afforded uninsured motorist coverage in equal amounts were obligated to contribute equally to the payment of a claim.

This court finds the *Sellers* and *Allstate* cases to be persuasive and to lead to the result which will produce the least confusion and bring about a speedy and just result in cases involving multiple coverage of uninsured motorist claims.

Aetna placed most of its reliance in the trial court on *Commercial Union Ins. Co. v. Farmers Mut. Fire Ins. Co.*, 457 S.W.2d 224 (Mo.App.1970). That case involved a fire insurance policy with a pro rata clause. The court held contribution was not available because neither company was obligated to pay the whole loss. The policies only obligated each company to pay a specific amount depending upon the loss and the proration and they were not under a common burden or liability to pay the whole.

■ In contrast to *Commercial Union,* the obligation of each policy in the case of multiple policies affording uninsured motorist coverage is to pay the full limit of its liability. The proration of liability under *Sellers* and *Allstate,* adopted by this court herein, should not be confused with the pro rata fire policy involved in *Commercial Union.* The pro rata fire policy limited the liability of the company to a certain percent of the loss. The company was not liable for the full amount of loss under any circumstance. On the contrary in this case both Midwest and Aetna are liable up to the full amount of their policies. However, under the subrogation provision of Paragraph 4 of § 379.203, the company which pays is entitled to recover the pro rata part of the loss from every other company which has a policy covering the loss. The pro rata in this instance simply means the proportion of the total policy coverage represented by the policy limit of each company. Thus the proration in this case applies only to determine the contribution to be paid by each insurer to the carrier who pays the loss.

The policies in this case are not pro rata as the policies were in *Commercial Union.* Here, by reason of all exclusionary clauses having been eliminated, both Midwest and Aetna afforded a full $10,000 uninsured motorist coverage to Banks. Here both insurers were under a common burden or obligation. The equities of the insurers in this case are equal. In that situation contribution applies. *Commercial Union, supra,* at 457 S.W.2d 227[5, 6].

■ Another argument advanced by Aetna is that Midwest was a volunteer when it paid Banks. However, Midwest could not be a volunteer when it was under a legal obligation to pay Banks. *Yore v. Yore,* 240 Mo. 451, 144 S.W. 847, 850[3–5] (1912).

For the reasons heretofore stated, the court erred in granting summary judgment to Aetna. Summary judgment should be granted to Midwest. The judgment is reversed and the court is instructed to sustain the motion of Midwest praying for summary judgment and to enter judgment thereon in the amount of $2,250 together with costs and to deny the motion for summary judgment filed by Aetna.

All concur.