Carol A. LEBS, Plaintiff-Respondent,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Defendant-Appellant.

**No. KCD 29458.**

Missouri Court of Appeals,
Kansas City District.

July 3, 1978.

Edward W. Mullen, Deacy & Deacy, Kansas City, for defendant-appellant.

Thomas D. Cochran, Joe F. Willerth, Piedimonte & Cochran, Independence, for plaintiff-respondent.

Before WELBORN, Special Judge, Presiding, PRITCHARD, J., and HIGGINS, Special Judge.

ROBERT R. WELBORN, Special Judge.

Action to recover under the uninsured motorist coverage in separate policies of insurance. Judgment was entered in favor of plaintiff on jury verdict for $7,500.00. Insurer appeals.

State Farm Mutual Automobile Insurance Company issued two policies of automobile insurance covering vehicles owned by Joseph A. and Carol Ann Lebs. Each policy provided 10/20 uninsured motorist coverage.

On October 2, 1973, Carol A. Lebs was injured when an auto in which she was a passenger and which was driven by Gail Dennis collided with an auto driven by Roger Dale Logan. The Lebs's State Farm policies were in effect at that time. Dennis had a policy with Farmers and Merchants Insurance Company which provided $10,000 uninsured motorist coverage. Logan was an uninsured motorist.

Carol Lebs sued Farmers and Merchants to recover $10,000 damages under the uninsured motorist coverage of its policy. By an amended petition State Farm was named a party defendant and recovery of $20,000 was sought under the uninsured motorist coverage of its policies.

The plaintiff settled her claim against Farmers and Merchants and in consideration of the payment of $8,500 to her, she executed a covenant not to sue in favor of Farmers and Merchants. State Farm was not requested to and did not consent to such settlement.

When the claim against State Farm came on for trial, the defendant presented and preserved for review three defenses: First, that plaintiff in her petition had alleged that the coverage afforded by Farmers and Merchants was primary and that by State Farm was secondary and that plaintiff did not exhaust the primary coverage before proceeding against State Farm; second, that plaintiff's settlement with Farmers and Merchants without the consent of State Farm violated the "consent exclusion" of the State Farm policies; third, that plaintiff had entered into an accord and satisfaction which precluded her claim. The trial court ruled adversely to defendant on all three defenses.

Plaintiff's claim was submitted to the jury under an instruction requiring a finding that plaintiff's injuries were due to Logan's negligence and that Dennis was not negligent. The jury was also instructed that the amount of plaintiff's damages should be reduced by $10,000, the Farmers and Merchants coverage. The jury found that plaintiff's damages were $17,500 and they returned a verdict in plaintiff's favor for $7,500.00. After its post-trial motions had been overruled, defendant appealed.

■ Here, appellant first asserts that the trial court erred in holding that the "consent exclusion" of appellant's policies did not exclude coverage. Respondent's position is that the "consent exclusion" clause is void as against public policy insofar as uninsured motorist coverage is concerned. This problem was considered by this court in the case of *Craig v. Iowa Kemper Mutual Ins. Co.*, 565 S.W.2d 716 (Decided April 3, 1978). The conclusion there reached was in accord with the position of the respondent here. It was held that the "consent exclusion" " * * * attempts to make a mandatory obligation of full coverage only conditional. In effect, the policy exclusion only chills settlements with joint tortfeasors to the detriment of the injured person and subserves no legitimate purpose of the insurer. This policy exclusion, when applied to tortfeasors other than the uninsured motorist, restricts the mandatory coverage under the statute, and is void." 565 S.W.2d 725. The case of *Kisling v. M. F. A. Mutual Insurance Co.*, 399 S.W.2d 245 (Mo.App.1966), the primary reliance of appellant here, was distinguished in *Craig* on the basis of its predating the statute which required that automobile liability policies in this state include uninsured motorist coverage. § 379.-203, Laws of Mo.1967, as amended by Laws of Mo., 1971, p. 398.

*Craig* is dispositive of the issue here presented. Appellant's claim of error in this regard is precluded by *Craig*.

Appellant's second point is that respondent was not entitled to recover under appellant's "admittedly excess" policies since the primary coverage of Farmers and Merchants had not been exhausted. This claim is likewise answered by a recent decision of this court. In *Midwest Mutual Insurance Company v. Aetna Casualty & Surety Company*, 565 S.W.2d 711 (Mo.App. 1978), the injured person had the benefit of two policies extending uninsured motorist coverage. Midwest issued one to the insured for a vehicle owned by him. Aetna issued a policy to the injured person's stepfather in whose home he resided. The injured person effected a $4,500 settlement with Midwest. When Aetna declined to contribute to the settlement, it was sued by the Midwest company. Aetna relied upon its policy providing only excess coverage.

In rejecting this defense, the court stated:

" * * * Aetna's policy afforded a full $10,000 in uninsured motorist coverage to Banks the same as the Midwest policy. Thus, the question is not whether Midwest is a primary carrier or whether Aetna is an excess carrier or whether Aetna's coverage is only pro rata with Midwest. By reason of the removal of all restrictions on uninsured motorist coverage, each policy involved here afforded Banks $10,000 in uninsured motorist coverage." 565 S.W.2d 712.

In that case, the court relied upon *Steinhaeufel v. Reliance Insurance Companies*, 495 S.W.2d 463, 466[1] (Mo.App.1973), in which the court held the "other insurance" clause in uninsured motorist coverage void as against public policy expressed in § 379.-203. The court also considered persuasive the reasoning of two Florida cases, *Sellers v. United States Fidelity & Guaranty Co.*, 185 So.2d 689 (Fla.1966), and *Allstate Insurance Company v. Dairyland Insurance Company*, 271 So.2d 457 (Fla.1972), in which "other insurance" provisions of uninsured motorist policies were rejected in favor of pro rata liability under all applicable policies.

Appellant relies upon *Barnwell v. Allstate Insurance Company*, 55 Ala.App. 447,

316 So.2d 696 (1975). In that case, the injured person settled for less than the amount of coverage under the uninsured motorist policy issued to the owner of the vehicle in which she was a passenger when injured. She sought then to prosecute a claim against the insurer which had provided coverage under an owner's policy issued to her. The insurer resisted the claim on the grounds that its policy, by its terms, provided only excess coverage in the circumstances and that claim under it was barred because of the settlement with the primary carrier for less than the amount of its coverage. The Alabama Court of Civil Appeals upheld this contention, relying upon a prior decision in *Almeida v. State Farm Mutual Insurance Company*, 53 Ala. App. 175, 298 So.2d 260 (1974).

In *Almeida*, the court rejected the reasoning of *Sellers v. United States Fidelity & Guaranty Co.*, supra. In view of this court's recent approval of the *Sellers* case, the Alabama decisions are not persuasive. On the basis of the holding in *Midwest v. Aetna*, supra, this assignment of error is rejected.

Appellant finally contends that the trial court erred in holding that the covenant not to sue executed by respondent in favor of Farmers and Merchants did not as a matter of law constitute an accord and satisfaction and a complete bar to respondent's claim. Appellant points to language of the document executed by respondent in which she agreed, in consideration of the payment of $8,500, " * * * the receipt and sufficiency whereof is hereby acknowledged * * *," to dismiss her claim against Farmers and Mutual and to refrain from any further demand against them. Appellant argues that, although respondent purported by the document to retain her right to assert the claim here involved, by acknowledging the "sufficiency" of the payment by Farmers and Merchants she acknowledged full satisfaction of her claim and that she is entitled to but one satisfaction.

The covenant not to sue executed by respondent clearly and expressly reserved to

her the right to proceed with her claim against appellant. That she acknowledged the "sufficiency" of the payment by Farmers and Merchants cannot preclude the viewing of the covenant in its entirety and when so viewed, there can be no doubt that the parties to the covenant did not contemplate that the payment thereunder should be in complete satisfaction of respondent's claim. *Liberty v. J. A. Tobin Construction Company, Inc.*, 512 S.W.2d 886, 890[4] (Mo. App.1974). The express reservation of the right to proceed against appellant distinguishes this case from *Rogers v. Piper*, 543 S.W.2d 261 (Mo.App.1976), and *Hanson v. Norton*, 340 Mo. 1012, 103 S.W.2d 1 (1937), relied upon by appellant.

Judgment affirmed.

All concur.