Jack CORDELL, Plaintiff-Respondent,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Appellant,**

and

**National Indemnity Insurance Company,
Defendant-Respondent.**

No. 48210.

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 11, 1984.

Amelung, Wulff & Willenbrock by Michael C. Margherio, St. Louis, for American Family Mut. Ins. Co.

Gray & Ritter by Robert F. Ritter, Thomas C. DeVoto and Melissa G. Zoccolillo, St. Louis, for Nat. Indem. Ins. Co.

CLEMENS, Senior Judge.

This appeal concerns the relative obligation of two liability insurers: The American Mutual and the National Indemnity. This, under the uninsured motorist clauses of their policies.

Plaintiff Jack Cordell, driver of a bus primarily covered by respondent National, was injured in a collision with an uninsured motorist.

Cordell's employer also carried liability insurance, this with American. It too had insured the bus driven by plaintiff Cordell. Cordell sued both insurers.

In the trial court, by the insurers' agreement, plaintiff got a $10,000 judgment for his injuries. Over American's objection the trial court apportioned the judgment against respondent National and appellant American.

We note that Section 379.203, RSMo. 1982, required each defendant to carry $10,000 liability insurance to cover personal injuries caused by uninsured motorists.

Here, American contends its coverage is secondary to National's. This, American argues, because of an "other insurance" clause in its policy. That clause declares American is liable "only as excess insurance over any other similar insurance." So, American seeks here to avoid liability and make National fully responsible. This, by the provision in American's policy declaring "the insurance hereunder shall apply only as excess insurance over any other similar insurance...." National challenges that provision.

We look to the first appellate decision on the issue, *Steinhaeufel v. Reliance Insurance Companies* (and State Farm Mutual Insurance Company), 495 S.W.2d 463[2, 3] (Mo.App.1973). There State Farm, as here, sought to avoid liability under a policy clause declaring it covered only the excess over other insurance. We held that Section 379.203 RSMo.1982 specifying minimum insurance coverage contained "no allowance for limitation or restriction on the insurer's

liability." And the court added that our statutory policy "forbids impairment of uninsured motorist coverage by a policy provision."

See also *Midwest Mutual Insurance Company v. The Aetna Casualty and Surety Company,* 565 S.W.2d 711[1, 2] (Mo.App.1978). There the court rejected another insurance clause and following STEINHAEUFEL supra ruled "both liability insurers were liable" and "lead(s) to the result which will produce the least confusion and bring about speedy and just result in cases involving multiple coverage of uninsured motorist claims." This refutes Aetna's contention of only excess liability coverage.

Defendant American cites *M.F.A. Mutual Insurance Co., et al. v. American Family Insurance Co.,* 654 S.W.2d 230. It relies on a statute since amended and so is not in point.

Affirmed.

SATZ, P.J., and SMITH, J., concur.