Earl SCHMIDT, Jr., et al., Plaintiff,

v.

CITY OF GLADSTONE, Missouri, et al., Defendants.

**MID-AMERICA REGIONAL COUNCIL INSURANCE TRUST, Respondent,**

v.

**ECONOMY PREFERRED INSURANCE COMPANY, Appellant.**

No. WD 50644.

Missouri Court of Appeals, Western District.

Jan. 23, 1996.

Kristine S. Focht, Kansas City, for appellant.

Dirk L. Hubbard and Robert E. James, Overland Park, Kan., for respondent.

Before SMART, P.J., and LOWENSTEIN and BERREY, JJ.

BERREY, Judge.

This appeal involves the question of whether the courts will override policy language and declare that public policy prevents the enforceability of the excess nature of an "oth-

er insurance" clause. Economy Preferred Insurance Company (Economy) appeals the trial court's entry of summary judgment in favor of Mid–America Regional Council Insurance Trust (MARCIT) and its denial of Economy's motion for summary judgment.

On May 12, 1991, Robert M. Baer was injured in an automobile accident while working as a public safety officer for his employer, the City of Gladstone. Officer Baer was injured when a vehicle driven by an underinsured motorist, Christopher Haile, collided with Officer Baer's police car during Officer Baer's car chase of an uninsured motorist, Tamra Dossett.

A passenger in Haile's car was killed and his parents filed suit against Haile, Dossett, Officer Baer and the City of Gladstone. All claims asserted by the parents of the deceased passenger against Haile, Dossett and Officer Baer have been settled. Officer Baer, however, answered the petition and asserted cross-claims against Haile, Dossett and MARCIT.

In his cross-claim against MARCIT, Officer Baer asserted that he was damaged as a direct result of the negligence of Dossett, an uninsured motorist, and Haile, an underinsured motorist. MARCIT had issued a policy of insurance to the City of Gladstone covering the police vehicle which Officer Baer was driving at the time of the accident. In his cross-claim, Officer Baer stated that because Dossett was uninsured, his claim against her is covered by the policy of insurance that the City purchased from MARCIT. Officer Baer also asserted in his cross-claim that his damages for personal injuries exceeded the liability coverage of Haile and that his damages were therefore covered by the underinsured motorist coverage contained in the MARCIT policy issued to the City.

MARCIT then filed a third-party petition against Economy seeking a pro-rated contribution to any amounts that MARCIT was found legally obligated to pay Officer Baer. In its answer, Economy denied that it owed a pro-rata share of any recovery by Officer Baer. Based upon the policy language of both insurers, Economy contends its coverage of Officer Baer's claims exists on an "excess" basis only.

Both MARCIT's policy and Economy's policy covered loss occassioned by an uninsured motorist. The policy MARCIT issued to the City of Gladstone included uninsured and underinsured motorist coverage in the amount of $100,000 per person and $1,000,000 per occurrence for "all claims." The MARCIT policy also contained an "other insurance" clause that provided in relevant part:

> For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, insurance provided by this Coverage Form is excess over any other collectible insurance. . . .

Economy issued a policy of insurance covering Officer Baer's personal vehicles, and this policy also contained an "other insurance" clause. Economy's "other insurance" clause states:

> If there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

Thus, according to Economy, MARCIT's policy acknowledges that its coverage is "primary," and Economy's policy expressly provides that its coverage is "excess." Economy therefore argues the two policies here involved agree that Economy's coverage is excess, but not pro-rata, to MARCIT's coverage.

On September 28, 1994, MARCIT notified Economy that it intended to settle Officer Baer's claims for $60,000.00. MARCIT requested Economy to contribute to the settlement and asked Economy if it considered the settlement amount to be reasonable. Counsel for Economy acknowledged that the $60,000.00 settlement amount was reasonable but declined to participate in the settlement claiming its policy was excess over MARCIT's adequate coverage. MARCIT settled Officer Baer's claims for $60,000.00 and ob-

tained a release of the claims against both MARCIT and Economy.

Then, on October 13, 1994, MARCIT filed a motion for summary judgment contending that Economy owed a pro-rated amount of $20,000.00 as a result of the settlement with Officer Baer. Economy responded that it only had an excess coverage obligation and filed a counter motion for summary judgment. The trial court heard the parties' oral argument, sustained MARCIT's motion for summary judgment and denied Economy's motion for summary judgment. Economy now appeals the trial court's ruling that its excess coverage provision is unenforceable.

In Missouri, uninsured motorist coverage is mandatory pursuant to § 379.203, RSMo. 1991. The avowed purpose of the statute is to ensure that Missouri insureds are compensated for collisions with uninsured motorists to the same extent they would be if the accident had been caused by a vehicle with the required liability coverage. *Rister v. State Farm Mut. Auto. Ins. Co.*, 668 S.W.2d 132, 137 (Mo.App.1984). To this end, the case law interpreting § 379.203 has been very favorable to the insured, and MARCIT cites several cases where policy provisions that contravene the statute's purpose have been held unenforceable.

According to MARCIT, Missouri public policy does not allow automobile policy provisions which attempt to limit uninsured motorist coverage "or make UIM coverage into excess insurance." Three cases are cited in support of this argument: *Steinhaeufel v. Reliance Ins. Cos.*, 495 S.W.2d 463, 467 (Mo. App.1973), *Cordell v. American Family Mut. Ins. Co.*, 677 S.W.2d 415 (Mo.App.1984), and *M.F.A. Mut. Ins. Co. v. American Family Mut. Ins. Co.*, 654 S.W.2d 230 (Mo.App.1983). Each case, however, is distinguishable from the instant appeal.

In *Steinhaeufel v. Reliance Ins. Cos.*, 495 S.W.2d 463, 467 (Mo.App.1973), the court found that "the statutory policy of Missouri forbids impairment of the prescribed minimum insured motorist coverage by another policy provision attempting to limit liability thereunder." In *Steinhaeufel*, the plaintiff was operating a truck owned by his part-time employer when he was struck by an unin-

sured motorist. The defendant, Reliance, provided insurance for the employer's vehicle involved in the accident while State Farm provided a policy to the plaintiff on his personal automobile. Reliance settled plaintiff's claim for policy limits, and State Farm denied uninsured motorist coverage based on an "other insurance" clause contained within its policy. On appeal, State Farm's "other insurance" clause was held unenforceable. *Id.*

However, as MARCIT concedes, the State Farm clause in *Steinhaeufel* went beyond the scope of Economy's provision by including an "excess escape provision." That is, State Farm attempted to limit the amount of its UIM coverage to that amount by which its limits exceeded the limits of other applicable UIM insurance. Thus, had the policy provision in *Steinhaeufel* been given effect, the insured would not have been fully compensated because the policy limits of the agreed upon primary carrier in that case was $5,000.00 short of the insured's assessed damages.

In contrast, Economy's provision in this case only designates the order of coverage. As noted above, it states:

> If there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

*Steinhaeufel* does not hold that *all* other insurance clauses violate Missouri public policy. Rather, it holds that an excess escape provision in an "other insurance" clause is invalid. *Id.* at 465. Therefore, *Steinhaeufel* is not directly controlling because Economy's policy does not contain an excess escape provision and Officer Baer is fully compensated even if Economy's "other insurance" provision is deemed enforceable.

MARCIT also cites *Cordell v. American Family Mut. Ins. Co.*, 677 S.W.2d 415 (Mo. App.1984), in support of its claim that Economy's "other insurance" clause is unenforceable. In *Cordell*, the driver of a bus was

injured in an accident with an uninsured motorist, and he obtained a $10,000.00 judgment for his injuries. Like the instant case, two insurance policies were applicable—one issued to the bus company by National and one issued to the employer by American Family. Each policy contained a $10,000.00 limit (as then required), but American Family attempted to avoid any liability by reference to its provision stating that "the insurance hereunder shall apply only as excess insurance over any other similar insurance ...." The *Cordell* court struck down the clause and upheld the trial court's apportionment of the $10,000.00 judgment. *Id.* at 416.

Like *Steinhaeufel,* however, *Cordell* is not directly controlling of the case at bar because both policies in *Cordell* were issued to cover the same risk—i.e., the bus involved in the collision. *Id.* at 415. The two policies in this case were written to cover different risks— MARCIT issued its policy to cover the vehicle owned by the City of Gladstone and Economy issued its policy to cover Officer Baer's personal automobiles. In addition, the complete policy language involved in *Cordell* is not quoted and the language of the competing policy is not discussed.

Finally, in *M.F.A. Mut. Ins. Co. v. American Family Mut. Ins. Co.,* 654 S.W.2d 230 (Mo.App.1983), an "other insurance" clause similar to that of Economy's was held not to violate public policy. In that case, M.F.A. insured the vehicle involved in the accident, Allstate insured the driver, and American Family insured the injured passenger on her personal vehicles. American Family refused to participate in any settlement contending that its "other insurance" clause made its coverage excess, and the court agreed. *Id.*

Although the other insurance clause in *M.F.A.* was held not to violate public policy, the court there reasoned that § 379.203 "has no application" since the case involved a hit-and-run vehicle with neither proof nor claim of an uninsured status.[1] *Id.* at 233. Thus, the *M.F.A.* decision similarly does not directly control the instant case.

However, the reasoning of *Steinhaeufel, Cordell* and *M.F.A.* lead us to the conclusion that Missouri's public policy as expressed in § 379.203 and the case law interpreting it do not permit the limitation of coverage sought by Economy.

In *Steinhaeufel,* the court noted that parties to an insurance contract are usually free to place limitations or restrictions on an insurer's liability as the parties may be willing to agree *unless prohibited by statute or public policy. Steinhaeufel,* 495 S.W.2d at 466. But, in holding that the excess escape clause in that case was invalid, the court reasoned that § 379.203 "contains no allowance for limitation or restriction on the insurer's liability" since the statute must be liberally construed to accomplish its highly remedial purpose. *Id.* at 466–67. Thus, "the statutory policy of Missouri forbids impairment of the prescribed minimum uninsured motorist coverage by another policy provision attempting to limit liability thereunder." *Id.* at 467.

The *Cordell* court subsequently relied upon *Steinhaeufel* to hold that both uninsured motorist insurers were liable to the plaintiff despite the fact that one insurer's policy stated that the insurer was liable only as excess insurance over any other similar insurance. *Cordell,* 677 S.W.2d at 416. *Cordell* did not involve an "excess escape provision" like *Steinhaeufel,* but rather a "designation of order" provision like the instant case.

Finally, although the *M.F.A.* court recognized the enforceability of an "other insurance" clause similar to the one at issue here, the court there expressly reasoned that the case was outside the scope of § 379.203. The case at bar, however, is squarely within the statute's coverage.

We therefore hold that Missouri's public policy prevents the enforceability of Economy's "other insurance" clause in the instant case. Our holding is consistent with the majority of other jurisdictions. *See Midwest Mut. Ins. Co. v. Aetna Cas. & Sur. Co.,* 565 S.W.2d 711 (Mo.App.1978); *Wescott v.*

1. Since the court's decision in *M.F.A.,* § 379.203, RSMo.1979, has been amended to include hit-and-run cases within its coverage.

*Allstate Ins. Co.*, 397 A.2d 156, 169 (Me.1979) (citing authorities); and 28 A.L.R.3d 551. The uninsured motorist coverage required by Missouri law is not based on the vehicle in which the insured is operating or riding, but instead is personal coverage which follows the insured. *Hines v. Government Employees Ins. Co.*, 656 S.W.2d 262, 265 (Mo. banc 1983). As the *Midwest Mutual* court noted, "an insured should not be delayed or frustrated in having his claim settled by reason of having multiple coverage." 565 S.W.2d at 712. If Economy's qualification on liability were enforced, the bright line of the legislature's mandatory uninsured motorist coverage would be impaired.

The judgment of the trial court is affirmed.

All concur.

